May it please the court and counsel. My name is Jeffrey Feiner. I represent Mr. Timothy Schmekel as appointed counsel. The issue in this case, straightforward, is under Gates and Leon. Is a description of an offending photograph necessary to establish a fair probability that contraband or evidence will be found in a specific place? The facts in this case are fairly straightforward as well. There is a backdrop, your honors, of a investigation over, off and on for a several year period. It was entirely inconclusive. 03, my client was found to have had a subscription to child erotica sites. In itself, not illegal. In 04, he was suspected, or rather he was associated with four suspected uploads of photographs to a Yahoo account. Again, inconclusive insofar as photos were never seen. Described or determined to be pornography. Or child pornography. Then in 19, in 2005, there was an interview in his home where he was candid and forthcoming. Indicated his ongoing struggle with pornography. Indicated he had accessed child pornography. And at the interview, they asked him could they look at his computer. He consented. They looked at it. There was no blatant pornography of children or anyone else. Simply no blatant child pornography. There's evidence that there was further discord and episodes of domestic violence in my client's home with his wife. And this violence was related to allegations of pornography use and her claim that he had resumed viewing child pornography. That ends in 05. Three years later, a letter is received from Pennsylvania to authorities in Washington State indicating third and fourth handed sources of information that suggest Mr. Schmechel was again viewing child pornography. This led to an investigation and ultimately the detectives determined that the previous inconclusive interviews were relevant. They obtained a warrant based on essentially a claim that there had been a photograph of nieces. My client's nieces in bathing suits. And that he had masturbated over this photo. And as vile as that may sound, it is not something that turns the photos themselves into child pornography. The only description in the affidavit of any photo whatsoever in six pages of detail is two girls in bathing suits. There's not a single description in the affidavit of any depiction that comes under the statute in Washington or the federal statute for child pornography. My client through previous counsel brought a motion to suppress. And the trial court found that there was probable cause made out in the affidavit. He went to trial, lost. And I appeared at sentencing and appeared in this appeal today. Your Honor, governing law is clear. Well, tell me, counsel, what evidence was presented to the jury? What did they see? And on what basis did they convict? The basis for conviction was a depiction on his cell phone and some 11 exhibits from his computers. And we don't contend that these are not qualified as child pornography under the statute. Our sole issue, Your Honor, for this appeal is that the warrant that issued was not based on probable cause, nor did it make a substantial showing of a fair probability that evidence would be found in his home. And again, this is controlled by governing law in this circuit. I remind the court that conscientious review is still the standard under Gates. It is not meant to be a rubber stamp where the magistrate simply validates or adopts other people's conclusions. The magistrate must come to his own independent conclusions based on the evidence within the four corners of the affidavit. Are you trying to say that, if I'm understanding you correctly, that as a matter of law, unless there's a description in the affidavit of a photo or item that qualifies as child pornography, then there can't be probable cause? Is that what you're seeking, that sort of rule? In essence, yes. That would be the appropriate rule. Otherwise, what we are reduced with is a talismanic recitation, which is all we have in this affidavit. Somebody, third-hand, says an individual has child pornography on their computers. What's that amount to? Are they children having sex? Are they children with adults having sex? Do they come under the statute in any way, shape, or form? We know from Battershell, which is out of the circuit, and Judge Tallman wrote for the panel in Battershell, that a terse description, and, Your Honor, that at least has a description. A terse description, Judge Tallman held, absent the photos themselves, is insufficient to establish probable cause. That's at Battershell at page 1051. Now, in Battershell, there were two photographs. One was a child in a bathtub. The child was nude. And Judge Tallman held, that's not child pornography. That doesn't meet probable cause. The second photo in Battershell, however, was a child having clear intercourse with an adult male. Judge Tallman said, that's child pornography. And the affidavit in warrant in Battershell was upheld. So is Battershell your best case for the rule that you were suggesting, that there has to be, that there is no probable cause unless the affidavit has a description of something that qualifies as child porn? I think it probably is the best case for this reason. Judge Tallman stated in the very first sentence of Battershell, that the question being presented, and I have it here, were asked to determine whether a warrant application is sufficient to establish probable cause when the application does not include copies of the offending image. And Judge Tallman said, no, we don't need copies. We had, in Battershell, a police officer who saw the screen of the defendant's computer. We had two independent witnesses who saw the screen. And they described the offending photos. And they said, kids having sex. And the officer in Battershell said, kids having sex? I took photos of them and did not attach the photos. Now, Judge Tallman said, don't need to attach photos. And I surely understand that holding. In this case, judges, we have a single photo described. Two nieces in bathing suits. And frankly, I don't care what he did to that photo. That doesn't, does not render the photo child pornography. So generally, in considering probable cause, we don't have those sorts of per se rules. We have, we look at the totality of the circumstances. You use a common sense approach. You can make reasonable inferences. Why don't those sorts of instructions where you say reasonable inferences based on the testimony, based on the citizen witnesses, what hearsay, of course, is admissible. Why isn't that enough under a totality of the circumstances, common sense approach? I understand. In Battershell, actually, the judge wasn't getting to the Leon case at that point in the decision. In Battershell, when he says, Ter's description absent the photo is insufficient, has not reached the Leon question. When we get to the Leon question, whether under the totality, is this warrant saved, let's look at what else this warrant had. It had inconclusive investigations unrelated to one another from 03 to 05. Not a single one of them resulted in a finding of any kind of misconduct. They were suspected photos, a subscription to a legal child erotica site, and an interview where they went through his computer and it didn't have anything. That's the background there. We also have the domestic violence background, which is abhorrent but doesn't shed any light on the facts of the case or the allegation of child pornography. So, Your Honor, in answer to the question, there are some per se rules on probable cause, but where we get away from the per se rules is when we go to the Leon good faith exception. And there we have to use Gates' totality and the Leon good faith combination. And under this case, I would liken it to the Weber case, in which Judge Fletcher, writing for her panel, stated in Weber that stale and inconclusive background, such as Weber had a 20-month-old mailing to his address that had apparent child pornography in it, she said that simply does not say probable cause in this case. And the other thing that was in the Weber decision that's appropriate and applicable here is Weber had this gratuitous application from an expert witness who said, oh, this is a collector. And Judge Fletcher pointed out there was no basis on which to make any such finding that this man was a collector. So, too, in this case. I'd like to save my last minute, if I may. Yes. Thank you. Good morning. May it please the Court, Counsel, my name is Stephanie Lister. I'm an Assistant U.S. Attorney for the Eastern District of Washington, and it's my pleasure to represent the United States this morning. I think there are two issues before the Court. The first is whether or not there was probable cause for the judge to issue a search warrant for the defendant's house to search for child pornography. And the second is, assuming arguendo, this Court finds that there was not probable cause, should good faith apply and the evidence be upheld? Before I address those two specific issues, Your Honor, I wanted to address your question with respect to what the jury saw. I think Counsel is correct. There was one image that was on a cell phone and about 11 other images that were admitted from the computer. We did decide and agree as part of the trial not to introduce all the images because we were concerned that would be unfairly prejudicial. I also think that that evidence was consistent with the defendant's admitted modus operandi. What he said to the FBI in 2005 was that he would download images and then he would delete them. So it wasn't unusual that we found that number of child pornography issues. With respect to the issue of probable cause, Your Honor, I think that the defendant is asking us to set forth a rule that says you have to have a description of the photograph in order for the Court to find probable cause. And I think that is an incorrect statement of the law as it exists. I think what we need to look at is the information in the four corners of the affidavit, apply a common sense approach, and look at the reasonable inferences the Court could have made from the information contained in the affidavit. In this particular instance, it's unlike the case of Weber in that there are a number of facts contained in the search warrant affidavit that indicate the defendant was historically a collector of child pornography. You have the information from 2003 that he had paid for subscriptions to child erotica sites with his credit card. You have the 2004 information that he had uploaded suspected child pornography to the Internet. And most importantly, you have the 2005 investigation by the FBI where they go to the defendant's house, they talk to him, they ask him about his possession of child pornography, and he admits he's been exposed to child pornography. He was exposed to child pornography in 1998, and he'd been downloading it on and off until 2004. So about six, seven years. He also goes on to explain that his problem with child pornography... Did they search his computer at that time? They did an image scan, Your Honor. They didn't find anything? They didn't find child pornography, and they didn't arrest him. But as was indicated, the image scan is only going to find images that aren't deleted. And his MO was to delete the images after he saw them. Because as he explained to the FBI, this issue of child pornography had caused a great deal of stress in his marriage, great deal of marital discord. I mean, he was divorced from his wife for about five months in 2003. He told the FBI one of the contributing factors to that was the child pornography issue. His wife told her friends that it was the reason they got a divorce. He also told the FBI they had gone to counseling, and he had gone to counseling with respect to his issue about child pornography. So we have information that historically was a collector of child pornography, combined with the information that the wife provided to her friends, that he once again was downloading child pornography onto his computer and onto his cell phone. And I think the defense focuses on, well, did the wife, when she provided the information that it was child pornography, could the judge reasonably rely on the wife's description that what the defendant was looking at was child pornography, without a greater description of exactly what it was? Could the judge reasonably rely upon her description that it's child pornography? And I think absolutely he could. And I remind the court that we give great deference to the magistrate's determinations, and we allow the court to make reasonable references. As the district court said. And as I understand the opposing counsel's point is that child pornography is a legal conclusion. And absent a description of the images, these lay people who may not be familiar with the legalities are not qualified to say it's child porn. They might be able to describe the image. They know it's an immature person engaged in some sort of sexual thing, but is it child porn? Well, I think this court has said that lay people, such as computer examiners who find child pornography, can say it's child pornography. But I think the district court addressed that when the district court said, really the concept of child pornography, while it's a legal term, it's not that difficult. It's composed of two words, child and pornography. You have a case on that point? You said we've held that anyone can tell what child pornography is. What are you relying on there? Your Honor, what the court has said is people like computer examiners can say- Make that determination. And do you have a case in mind? Yes, and it was cited in the brief, and I can find that. Find it. That's okay. But yes. And I think that what's important here is that when you look at those terms, the wife has three children. She knows what children look like. So the question is, does she know what pornography is? And I ask you to consider the context of her life. Child pornography was a big part of her life with her husband. That was the issue they discussed. That was the issue they went to counseling for. This was a big problem in her life. So was she lying that she saw child pornography? No allegation that she was lying. Did she know what she was talking about? I think the judge could reasonably infer that yes. She knew what child pornography was, and she was defining and explaining what her husband was doing again, which was downloading child pornography onto his computer and his cell phone. Did she actually review? Is there anything in the affidavit that suggests that she actually viewed the downloads? Your Honor, absolutely. And I think that's the next issue with respect to the context. Because she said that she looked at an image on the cell phone, and that she confronted her husband, the defendant, about the image and said she was going to go to law enforcement. And the affidavit says that when that happened, her husband pushed her down the stairs. So when defense counsel says, why didn't she report to law enforcement? I think the court could clearly make a reasonable inference that she didn't report to law enforcement because she was concerned about her safety. But also, the court could infer that the defendant wouldn't have a violent reaction to his wife saying, I'm going to take this picture of our nieces in bathing suits to law enforcement and show them what you've been looking at. No. He would have that violent reaction if she was going to take to the police images of child pornography, which is what she described she saw as child pornography. So, Your Honor, this isn't a case of one image. This is a case of a defendant who has a historical history of being a collector of child pornography. And once again, he's downloading child pornography onto his cell phone and his computer, and thus the court had ample basis to determine, based upon common sense and reasonable inferences, that there was probable cause. If we were to conclude, and I don't know, but if we were to conclude that there was an affidavit lacking, especially showing a probable cause, does it nonetheless survive under the good faith? Absolutely, Your Honor. Can you explain that? Absolutely, Your Honor. I think it's important to look at the way that this particular investigation was conducted. We know that the affidavit says that one of the friends made a report to the Department of Social and Health Services about the conversations that she had with the defendant's wife because she was concerned about the safety of the children. I think what's important is, law enforcement didn't just say, let's take this DSH report, let's include this information in an affidavit, let's take the information from the FBI's investigation in 2005 and submit it. No, what they did was diligent law enforcement efforts in terms of investigating. They didn't just take the DSH's report. They called the woman in Pennsylvania. They asked her about what Melody Schmeichel had told them, and then they asked her to go and report this to law enforcement there in Pennsylvania, which she did. She gave them information that not only did Melody Schmeichel tell her that her husband was once again downloading child pornography, but she gave the name of yet another girlfriend of the defendant's wife. And they went and they interviewed her. What they had were two named citizen informants that provided consistent information that Melody Schmeichel had said that her husband was downloading child pornography. They provided verified information in that they also said Melody Schmeichel had told them about this prior investigation by law enforcement, which was true. It wasn't as if they had an anonymous drug informant. It wasn't like these people had criminal history or they were being paid. There were two named citizens who provided consistent, corroborated information. They took all of that information and provided it to the magistrate, fully thinking that there was, in fact, probable cause to believe that the defendant was in possession of child pornography. So when the court looks at these kinds of search warrants, I don't think this is a situation where we should be punishing law enforcement if there was a mistake made by the judge issuing the warrant. This is a situation where law enforcement really exercised the kind of diligence that we look for and that we wish them to execute in doing these kinds of investigations. So I think that it should be upheld under good faith. The last case, the last issue, is the Grappa case that Consensual just provided this morning. Facts are totally in opposite to this case because we have the collector language and we have the background of the defendant along with the descriptions from the wife. I appreciate your time this morning and I respectfully request that you affirm the district court's decision and deny the motion to suppress. Thank you. Thank you. Regarding the late use of a label, footnote 3, issued in Decision Monday, United States v. Gruppa. The difficulty of determining whether a photo of a minor is lascivious exhibition or otherwise child pornography is too difficult. The description of the photos in that case in Gruppa were not different than the first photo in Battershell. In Gruppa, it was a nude 15 to 17-year-old in a bathtub. That description was not sufficient per se rule as to probable cause. Issued on Monday with a vicious dissent, complaining that the court had not taken a proper role in reviewing the affidavit. I urge the court to read the majority and the dissent. Use of a label according to footnote 3 is inappropriate and it should be. These are statutory definitions, not something for lay people to use some blanket label for whatever purposes. And lastly, I could have sworn I heard opposing counsel state that Melody Schmechel was afraid for her children. That is simply not in the affidavit. Here's what's in the affidavit. Page 49. Weeks before this warrant was served, Melody Schmechel confronted her husband. They went to his parents. They discussed with the parents the problem he was described having with pornography and they were discussing counseling. There is no exigent need such as in Gruppa. There is no photo, not one, not a single photo describing a single illegal act as in all the prior cases. Upholding this would be a substantial departure from this court's trend in the area. Thank you. Thank you, counsel. We appreciate both counsel's arguments and the matter will be submitted. Thank you. Let's see. I think our next case for argument is Rodriguez-Labibit.
judges: Fletcher B. , Paez, Ikuta